UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

EVELYN WALDERBRAY,

                Plaintiff,          06 Civ. 4573

  -against-                      OPINION

NEW YORK CITY POLICE DEPARTMENT
PRECINCT 33, ET AL.

                Defendant.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/17/09

A P P E A R A N C E S:

        Pro se

        EVENLYN WALDERBRAY
        223 South Second Avenue
        Mount Vernon, NY 10550

        Attorneys for Defendants

        CORPORATION COUNSEL OF THE CITY OF NEW YORK
        100 Church Street, 4th Floor
        New York, NY  10007
        By:  Katherine E. Smith, Esq.

**Sweet, D.J.**

Plaintiff *pro se* Evelyn WalderBray ("WalderBray" or "Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, against the City of New York ("the City") and several John Doe Officers alleging, <u>inter alia</u>, excessive force. The City has moved to dismiss Plaintiff's claims against the City. For the reasons set forth below, the motion is granted.

**Prior Proceedings and Factual Allegations**

This action was commenced on June 14, 2006, by the filing of the Complaint. On April 13, 2007, Plaintiff filed an Amended Complaint, which alleged: 1) mistreatment of Plaintiff during an office visit and breach of patient confidentiality against her doctor, Casila Balmaceda ("Balmaceda"), the Neurological Institute of New York, and the Columbia Presbyterian Medical Center; 2) excessive force against the New York City Police Department ("NYPD"), John Doe defendants and Balmaceda; and 3) the administration of medication against her religious beliefs against the Columbia Presbyterian Emergency Room and the nurses working in that unit.

1

On September 27, 2007, Plaintiff's claims against Balmaceda, the Neurological Institute of New York, the Columbia Presbyterian Medical Center, and the Columbia Presbyterian Emergency Room and its nurses were dismissed.

Plaintiff's remaining excessive force claim against NYPD Precinct 33 and Officers John Doe 1 – Officers John Doe 8 & more alleges that on February 11, 2005, at the Neurological Institute of New York, Plaintiff was arrested and handcuffed to a chair by several unidentified New York City Policy Officers and administered medication against her will.

On April 17, 2008, the City of New York was substituted as defendant for the NYPD Precinct named in the Amended Complaint.

On September 8, 2009, the Court granted Plaintiff's motion for appointment of counsel.  To date, no counsel has been assigned.

The City filed the instant letter motion seeking dismissal of WalderBray's claim against the City of New

2

York in a letter dated July 28, 2008.  WalderBray responded by letter dated October 10, 2008.

**WaderBray's Claims Are Dismissed**

In addressing the present motion, the Court is mindful that WalderBray is proceeding pro se and that her submissions are held to "less stringent standards than formal pleadings drafted by lawyers . . . ."  Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  The courts "construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments they suggest."  Fuller v. Armstrong, 204 F. App'x 987, 988 (2d Cir. 2006); see also Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000) ("Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel.").  However, the courts will not "excuse frivolous or vexatious filings by pro se litigants," Iwachiw v. State Dep't of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005), and "pro se status 'does not exempt a party from

3

compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

To hold a municipal entity liable under § 1983 for the unconstitutional acts of its employees, a plaintiff must plead that her constitutional rights were violated, that the alleged actions by the employees were the result of an official policy, custom, or practice of the municipal defendant, and that the policy, custom, or practice caused the plaintiff's alleged injuries. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).

In her Amended Complaint, Plaintiff has not identified any policy, practice or custom on the part of the City that caused her alleged deprivation. Following a complete search of NYPD records, the City claims that no record of Plaintiff's arrest has been found and that no City employees were involved in the incident alleged in Plaintiff's arrest. Accordingly, Plaintiff's claims against the City must be dismissed.

4

Further, given that Plaintiff has not served the Amended Complaint on any of the "John Doe" defendants, and that the time in which to effect service pursuant to Fed. R. Civ. P. 4(m) has long expired, Plaintiff's claims against the John Doe defendants are also dismissed without prejudice. See Fisk v. Letterman, 501 F. Supp. 2d 505, 521 (S.D.N.Y. 2007); Dove v. City of New York, No. 06 Civ. 1096 (SAS), 2006 WL 3802267, at *1 n.1 (S.D.N.Y. Dec. 26, 2006).

Plaintiff is granted leave to serve a second Amended Complaint within 20 days.

It is so ordered.

**New York, NY**
**March /4, 2009**

ROBERT W. SWEET
U.S.D.J.

5