```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-19-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

EVELYN WALDERBRAY,

                Plaintiff,          06 Civ. 4573

  -against-                         OPINION

NEW YORK CITY POLICE DEPARTMENT
PRECINCT 33, ET AL.

                Defendants.

------------------------------------X

A P P E A R A N C E S:

    <u>Pro se</u>

    EVELYN WALDERBRAY
    223 South Second Avenue
    Mount Vernon, NY 10550


    <u>Attorneys for Defendants</u>

    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street, 4th Floor
    New York, NY 10007
    By: Katherine E. Smith, Esq.



**Sweet, D.J.**

Plaintiff pro se Evelyn WalderBray ("WalderBray" or "Plaintiff") has brought this action pursuant to 42 U.S.C. § 1983, against, inter alia, the New York City Police Department Precinct 33 (the "NYPD") and several John Doe police officers (collectively, the "Defendants") alleging false arrest and excessive force. Defendants have moved to dismiss Plaintiff's claims against the NYPD, as well as the John Doe officers. For the reasons set forth below, the motion is granted.

## Background

This action was commenced on June 14, 2006, by the filing of the Complaint. The Court dismissed Plaintiff's Amended Complaint, filed on April 13, 2007, in an opinion dated March 14, 2009. Walderbray v. N.Y.C. Police Dep't Precinct 33, et al., No. 06 Civ. 4573 (RWS), 2009 WL 691038 (S.D.N.Y. Mar. 17, 2009) (the "March Opinion"). WalderBray was also granted leave to file a Second Amended Complaint, which she did on July 7, 2009.

1

**Sweet, D.J.**

On July 24, 2009, the City of New York, on behalf of Defendants, submitted a letter seeking dismissal of Plaintiff's claims against all municipal defendants and John Doe officers, which the Court treated as a motion to dismiss.

The motion was marked fully submitted on September 2, 2009.

## WalderBray's Claims Against Defendants Are Dismissed[1]

During the Court's initial conference with the parties, Plaintiff was permitted to amend her complaint to substitute the City of New York for "New York City Police Department, Precinct 33," in light of the well-established principle that the New York City Police Department is not a suable entity. See, e.g., East Coast Novelty Co., Inc. v.

---

[1] In addressing the present motion, the Court is mindful that WalderBray is proceeding pro se and that her submissions are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). The courts "construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments they suggest." Fuller v. Armstrong, 204 F. App'x 987, 988 (2d Cir. 2006); see also Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000) ("Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel."). However, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

City of N.Y., 781 F. Supp. 999, 1010 (S.D.N.Y. 1992). Despite this earlier exchange, Plaintiff's Second Amended Complaint again names the New York City Police Department Precinct 33 as a defendant.

However, even assuming that the Court permitted WalderBray to amend the Second Amended Complaint to substitute the City of New York as a defendant, her claims would fail for the same reasons laid out in the March Opinion. To hold a municipal entity liable under § 1983 for the unconstitutional acts of its employees, a plaintiff must allege that the municipal employees' actions were the result of an official policy, custom, or practice of the municipal defendant, and that the policy, custom, or practice caused the plaintiff's alleged injuries. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Plaintiff's Second Amended Complaint does not allege any facts that point to any such policy or practice, and therefore any claims alleged against the City of New York would also be dismissed.

Further, because the three year statute of limitations for claims brought pursuant to § 1983 has expired, Plaintiff's attempts to identify and serve any

3

John Doe officers would be futile. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (noting that "[i]n section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for person injury actions,' which is three years in New York) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)). According to the Second Amended Complaint, Plaintiff was falsely arrested and subject to excessive force on February 11, 2005, and therefore her claims began to accrue at that time. See Singleton v. City of N.Y., 632 F.2d 185, 191 (2d Cir. 1980) (describing "the time of accrual [as] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." (internal quotations and citation omitted)). A plaintiff is only permitted to amend a complaint to add a party after the expiration of the statute of limitations if the amendment would "relate back" to the date on which the original complaint was filed. Fed. R. Civ. P. 15(c); Young-Flynn v. Kelly, 234 F.R.D. 70, 73-74 (S.D.N.Y. 2006). In these circumstances, relation back would not be appropriate since the "'newly-added defendants were not named originally because the plaintiff did not know their identities,'" and therefore were not on notice of the pending action against them. Tapia-Ortiz v. Doe, 171 F.3d

4

150, 152 (2d Cir. 1999) (quoting <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466, 470 (2d Cir. 1995) (per curiam).

Accordingly, Plaintiff's claims against the New York City Police Department Precinct 33 and the John Doe officers are dismissed.

It is so ordered.

**New York, NY**
**October** *15*, **2009**

ROBERT W. SWEET
U.S.D.J.

5